## RICHARD H. RICE *v.* JOSEPH S. COTTREL.

On a declaration in slander, consisting of a single count, in which the slanderous words were alleged to have been uttered by the defendant " on the 1st day of November, 1856, and on divers other days and times before the purchase of the plaintiff's writ," *held*, that the plaintiff might, in support of his action, prove a single uttering of the slander by the defendant on any day prior to the date of the writ.

In slander of a physician in his profession, the currency of the slanderous report in the place of his practice, following the utterance of the same by the defendant, may be given in evidence, as well as the effect of such report upon the professional gains of the plaintiff, in aggravation or proof of damages, without strict proof connecting the current report with the slander of the defendant; the fact of such connection being for the jury, and not for the court, to pass upon.

If the defendant in such an action would avail himself in mitigation of damages of the fact, that at the time he told the injurious story, he mentioned the name of his author, it must not only appear that he did so mention his author, but the *onus* is upon him to show, by proof, that he did so receive the story.

CASE for slander of the plaintiff, who was a homœopathic physician of Newport, in his profession, by reporting of him, in substance, that he had been caught in the act of adultery with one of his female patients—a married woman; the declaration, which contained but one count, alleging, that the slanderous words were uttered by the defendant " on the first day of November, A. D. 1856, and on divers other days and times before the purchase of the plaintiff's writ." Plea, the general issue.

At the trial before Mr. Justice Shearman, with a jury, at the May term, 1857, of the court of common pleas for the county of Newport, evidence of the utterance by the defendant of the slander *before* the 1st day of November, 1856, was admitted, notwithstanding the objection that the plaintiff, by his mode of laying the time of the slander in his declaration, was confined

to proof of the uttering of the slanderous words during the period intervening between the first day of November, 1856, and the date of his writ. The defendant, when reporting the slander, having given his author, as was proved, also insisted, that the *onus* was on the plaintiff to show by the testimony of the person whom the defendant had named as his author, that he was not thus informed; but the court charged the jury, that, in the absence of an averment in the plaintiff's declaration of that part of the conversation, (meaning, with regard to the person from whom the defendant said he had heard the report,) the *onus* was on the defendant to show, in mitigation of damages, that he had heard the slander from that person. The court also admitted, against objection, proof, in aggravation of damages, that the slanderous story concerning the plaintiff was current in Newport *after* the time of the defendant's reporting the same, although no evidence directly tracing the current report to the defendant's utterance of the slander, was tendered; and that the plaintiff's practice as a physician immediately declined in value to about two thirds of what it had been before. The jury, upon this testimony and charge, having returned a verdict for the plaintiff, assessing his damages at $100, the defendant brought his exceptions to the above rulings and charge to this court for decision, on the ground that the same were erroneous.

*Sheffield*, for the defendant.

*Van Zandt*, for the plaintiff.

AMES, C. J. Had the declaration assigned a period of time as that, during which, by continuation, " on divers days and times," the slanderous words were uttered, as the first exception of the plaintiff seems to suppose that it does, it would, nevertheless, have been competent for the plaintiff, waiving his right to recover on a single count for repetitions of the slander, to prove *one* speaking of the words anterior to the first day laid. Gould on Pleading, ch. 3, §§ 94, 96 ; 1 Chitty on Pleading, 393, 394, and cases cited. If it be a case in which the laying with a *continuando* is improper, and the defendant, instead of demurring specially for that cause, pleads to the action, the plaintiff may prove the uttering of the words on any *one* day prior to the date of his writ, as if he had not inserted the useless and im-

proper words. Ib. In the case at bar, however, the uttering of the words is not laid with a *continuando,* nor are its repetitions assigned to a particular period of time between a day certain and the purchase or date of the plaintiff's writ; the declaration merely averring that the defendant uttered the slander "on the first day of November, A. D. 1856, *and on divers other days and times before the purchase of the plaintiff's writ.*" This amounts to nothing more than the laying of a day certain for the slander, as a proper formal allegation of time, and days uncertain for the *repetitions* of the slanders; which, however informal, cannot hinder the plaintiff from proving, under the general issue, the speaking of the words by the defendant *at any one time* before the date of the writ. This exception must therefore be overruled.

The other exceptions are equally untenable. The currency of the slanderous report, following the utterance of it by the defendant, as well as the special injury done by it to the plaintiff in his profession, were, under the declaration, proper subjects of proof to the jury, to enable them to estimate the plaintiff's damages; and the connection, if any, between the words of the plaintiff and the currency of the injurious report, was a matter for the jury, and not for the court, to pass upon. So, too, the defendant might have proved, that he heard the slander from another person, and at the time named that person; which would not indeed justify the speaking, but would tend to mitigate damages, by repelling the notion of the defendant's being the malicious author of the report, and enabling the plaintiff to follow up and expose the falsehood, and punish the originator of it. Such partial defence must however be *proved,* as well as alleged, by the party who makes it; and it would be a dangerous novelty, to hold, that if a slanderer, in uttering his slander, named his author, it was to be taken for granted in his favor that what he said in this respect was true, unless indeed, as the last exception imports, the plaintiff was enabled, and by the testimony of the person named too, to prove the contrary. See *Bennett* v. *Bennett,* 6 C. & P. 588.

*Exceptions overruled, and judgment ordered upon the verdict.*